UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chuol P.M., <br><br> Petitioner, <br><br> v. <br><br> Merrick Garland, U.S. Attorney General; et al.; <br><br> Respondents. | No. 21-cv-1746 (KMM/DTS) <br><br><br> **ORDER** |

On July 30, 2021, the Petition Chuol P.M. ("Mr. M") filed a Petition seeking a writ of habeas corpus. In a Report and Recommendation ("R&R") dated January 7, 2022, United States Magistrate Judge David T. Schultz found that Mr. M's Petition should be granted and that Mr. M should be released pending his removal from the United States by immigration the Respondents. Judge Schultz concluded that Mr. M had been subject to a final order of removal for an extended period of time, that his removal from the United States was not substantially likely to occur in the reasonably foreseeable future, and that his continued detention would violate due process. However, after Judge Schultz issued the R&R, the circumstances changed, and Mr. M's case is now back before the Department of Homeland Security ("DHS") for further administrative proceedings concerning his removability.

Specifically, as is relevant here, the Respondents charged Mr. M as a removable alien on grounds that he had been convicted of an aggravated felony crime of violence, namely a second-degree robbery under Iowa law. The Board of Immigration Affairs ("BIA") concluded that his conviction was an aggravated felony crime of violence for purposes of 8

1

U.S.C. § 1227(a)(2)(A)(iii), and Mr. M appealed to the Eighth Circuit Court of Appeals. However, in the Eighth Circuit appeal, Respondents recently filed an unopposed motion to remand Mr. M's case to DHS for further consideration of whether his robbery conviction qualifies as a crime of violence. Respondents acknowledged that the relevant Iowa statutes meant that Mr. M's robbery conviction could have involved mere offensive touching based on the Iowa assault statute's alternative of robbery. [ECF No. 39-1 at 3 (discussing Iowa Code §§ 711.1(1), 708.1)]. The Court of Appeals granted the motion, and Mr. M's case is once again before Respondents for further consideration of whether his robbery conviction renders him removable as an aggravated felon. [ECF No. 39].

Given these recent developments, the parties agree that Mr. M is now subject to detention under 8 U.S.C. § 1226(c), which applies to certain aliens who are charged with removability for having certain criminal convictions. [ECF No. 39]. Moreover, the parties agree that under the multi-factor test articulated in *Muse v. Sessions*, 409 F. Supp. 3d 707, 713-18 (D. Minn. 2018), Mr. M is entitled to a custody hearing in immigration court. [*Id.*] Finally, the parties acknowledge recent case law in the District of Minnesota finding that due process requires the government to bear the burden of proof to justify continued detention by clear and convincing evidence at such a bond hearing, although they have not specifically stipulated to an Order from the Court granting such relief.

Based on the foregoing, and in light of the parties' significant agreement, the Court concludes that Mr. M is entitled to a bond hearing to consider his continued detention pending completion of his removal proceedings. Additionally, this Court agrees with the reasoning and analysis of other Courts within this District that have concluded that at such a

bond hearing, due process requires the government to bear the burden of proof by clear and convincing evidence to justify Mr. M's continued detention. *Nyynkpao v. Garland*, No. 21-cv-1817 (WMW/BRT), 2022 WL 1115452, at *4-6 (D. Minn. April 14, 2022); *Jamie M. v. Garland*, No. 21-CV-743 (NEB/BRT), 2021 WL 5567864, at *3-4 (D. Minn. Nov. 29, 2021); *Pedro O v. Garland*, 543 F.Supp.3d 733, 741-45 (D. Minn. 2021); *Marco A. C.-P. v. Garland*, No. 20-1698 (JRT/TNL), 2021 WL 1976132, at *5-6 (D. Minn. May 18, 2021); *Omar M. v. Garland*, No. 20-cv-1784 (NEB/BRT) 2021 WL 3442337, at *4-7 (D. Minn. March 29, 2021).

Finally, the Court notes that Mr. M requested that an any order requiring a bond hearing direct the immigration authorities to consider Mr. M's ability to pay in determining the amount of any bond and suitability for release on conditions. [ECF No. 1 ¶ 62]. Because BIA precedent already appears to require consideration of ability to pay during any bond hearing, the Court finds it unnecessary to grant such relief. *Pedro O*, 543 F. Supp. 3d at 744 n.6 (adopting the undersigned's recommendation that an order not include a provision for such relief); *id.* at 758 (discussing the observation in *Hernandez v. Decker*, 18-cv-5026 (ALC), 2018 WL 3579108, at *12 (S.D.N.Y. July 25, 2018), that BIA precedent requires such consideration of ability to pay and noting that failure to consider financial means would be "constitutionally suspect").

Accordingly, **IT IS HEREBY ORDERED that**

1. The Court declines to adopt the Report and Recommendation [ECF No. 22] in light of the changed circumstances;
2. The Petition [ECF No. 1] is **GRANTED IN PART** as set forth below;

3. Within 21 days of this Order, Respondents must ensure that Petitioner receives an individualized bond hearing before an immigration judge. If no bond hearing occurs, then Petitioner must be released absent further order of this Court.

4. At the bond hearing, the Parties must be allowed to present evidence and argument concerning whether Petitioner is a danger to the community and whether he is likely to flee if he is not detained. The immigration judge must place the burden of proof on the government, and continued detention must only be authorized if the government meets its burden with clear and convincing evidence.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: June 27, 2022

                                              *s/Katherine Menendez*
                                              Katherine Menendez
                                              United States District Judge